**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                       No. CR 07-2249 JB

TIMOTHY PATTERSON,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** comes before the Court on Defendant Patterson's Sentencing Memorandum, filed July 3, 2009 (Doc. 66). The Court held sentencing hearings on July 30, 2009. The primary issue is whether the Court should impose a sentence of probation rather than of incarceration on Defendant Timothy Patterson. For the reasons stated at the hearing, and for further reasons consistent with those already stated, the Court will deny Patterson's request for probation, but will vary from the advisory guideline sentence and sentence Patterson to a time-served sentence and will require, as a condition of supervised release, home confinement for a period of 7 months under the electronic monitoring program.

**PROCEDURAL BACKGROUND**

      Patterson pled guilty, pursuant to a plea agreement, to larceny in violation of 18 U.S.C. §§ 1152 and 661. See Plea Agreement ¶ 3, at 2, filed March 9, 2009 (Doc. 59). His base offense level is 10, and his criminal history is category I, producing a guideline sentence of 6 to 12 months. In his sentencing memorandum, Patterson requests that the Court impose a sentence of probation. Patterson contends that sentence would be just and reasonable. The United States opposes a

sentence of probation.

## ANALYSIS

As the Court stated at the hearing, it will not impose probation.  Patterson's guideline range falls within Zone B of the Sentencing Table.  Section 5C1.1(c)(3) of the Sentencing Guidelines allows probation to be imposed as a sentence when a defendant's guideline range is in Zone B. Patterson, however, has served one day of incarceration already, while being processed in Arizona, and so the Court is concerned that it should not, under the Guidelines, impose a sentence of probation. Moreover, while the Guidelines are advisory, here they reflect a statute's dictates.  Under 18 U.S.C. § 3561(a)(3), the Court cannot impose probation when "the defendant is sentenced at the same time to a term of imprisonment for the same or a different offense that is not a petty offense." Again, that one day of imprisonment that the Court should include as part of the sentence counsels against probation.  And the Court is not free to disregard a statutory limit on its authority to impose a particular sentence, even if the result seems unusual.

Section 5C1.1(c)(2) of the Sentencing Guidelines, however, allows the Court to impose a sentence that includes a mix of imprisonment and supervised release with conditions of community confinement or home detention "provided that at least one month is satisfied by imprisonment."[1] The Court will sentence Patterson to one day imprisonment, or time served, plus 7 months of home

---

[1] The Sentencing Guidelines observe that Congress appears to have inadvertently eliminated the possibility of community confinement as a condition of supervised release when it amended a numerical list of allowed conditions in 18 U.S.C. § 3563(b) without updating the language in § 3583(d) that referenced particular, numbered conditions in that list. See U.S.S.G. § 5C1.1 *note. Recently, however, Congress has amended  § 3583(d), which now allows courts to impose "any condition set forth as a discretionary condition of probation in section 3563(b) and any other condition it considers to be appropriate" as a condition of supervised release. Id. § 3583(d).  The most recent amendments to the Guidelines, which have yet to come into effect, remove the notes commenting on the apparent error.

detention as a condition of supervised release.  This sentence varies from the requirement that the Court impose at least a month of incarceration under U.S.S.G. § 5C1.1(c)(2), but the Court believes a variance is appropriate here.  Section 5C1.1(c)(2)'s 1-month requirement is a creature of the Sentencing Guidelines, not statute, and so is advisory.  Patterson's behavior was aberrant for him, and the Court does not believe that he poses any future risk of criminality.  Moreover, the veterinary equipment stolen from the Crownpoint Institute of Technology has been returned.  At the end of the day, the Court does not believe that further incarceration will serve any useful purpose.  Nonetheless, Patterson has committed a serious theft, and some significant restrictions on his liberty are important for just punishment and deterrence.  The Court believes that the 7 months of home detention it is imposing as a condition of supervised release adequately meets these needs without being unnecessarily punitive.

**IT IS ORDERED** that Defendant Timothy Patterson's request for probation in Defendant Patterson's Sentencing Memorandum is denied, but the Court will not impose further incarceration.  The Court will sentence Patterson to one day of imprisonment, or time served, whichever is less.  As part of supervised release, however, Patterson will be subject to home confinement for a period of 7 months under the electronic monitoring program.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Gregory J. Fouratt
  United States Attorney
Kyle T. Nayback
Raul Torrez
  Assistant United States Attorney
Albuquerque, New Mexico

   *Attorneys for the Plaintiff*

Brian A. Pori
Inocente, P.C.
Albuquerque, New Mexico

    *Attorney for the Defendant*